IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William C. Townsend and <br> Elizabeth H. Townsend, <br>               Plaintiffs, <br>    vs. <br> NVR, Inc., <br>               Defendant. | Civil Action No. 6:07-3897-HFF-WMC <br><br> **O R D E R** |

This matter is before the court on the defendant's motion to compel complete answers to discovery. The plaintiffs allege that they purchased a home built by the defendant. They allege that the home leaked, and the defendant stated that it fixed the leaks, but the leaking problems continued. The plaintiffs contend that the moisture resulted in the growth of toxic mold in the house. The plaintiffs allege causes of action including negligence and breach of contract. On November 3, 2008, the Honorable Henry F. Floyd, United States District Judge, referred all discovery issues to this court for adjudication.

The plaintiff's response notes that a number of the discovery issues in the defendant's motion to compel have been resolved. The interrogatories that remain at issue are as follows:

***Interrogatory 19***    In this interrogatory, the defendant requests a comprehensive list of all physical and mental injuries claimed by any of the plaintiffs or their minor children. The plaintiffs state that they have provided their medical records. However, as argued by the defendant, this is not a sufficient response to the interrogatory.

***Interrogatories 28 through 30***    These interrogatories relate to defects in the construction and repair of the home. The plaintiffs state that they cannot be expected to respond to these interrogatories "until discovery is complete . . ." However, as pointed out by the defendant, under Federal Rule of Civil

Procedure 11, the plaintiffs must have some factual basis for their claims prior to filing a complaint. Accordingly, the plaintiffs should be required at least to provide a list of defects of which they are aware at this time.

*Interrogatory 33*  In this interrogatory, the defendant requested an itemization of damages. The plaintiffs have stated that they have been "unable to calculate their medical expenses, due in part to the fact that certain of their medical billing records were at their home when Defendant took possession of the contents of the home and placed them in storage . . ." According to the defendant, it has provided the plaintiffs with unfettered access to the billing records in question since several months ago. In addition, there are other items of damages sought by the plaintiffs other than medical damages, and these damages have not been quantified. This case has been pending for a year. Based upon the foregoing, the plaintiffs should provide the requested itemization and supplement it as discovery progresses.

*Interrogatory 34*  In this interrogatory, the defendant asked the plaintiffs to list the acts and delicts of the defendant that were willful, wanton, and reckless. Again, the plaintiffs stated that they cannot answer the question until discovery is complete. The plaintiffs should answer the interrogatory to the extent they can at this time, as there must be some factual bases for these claims under Rule 11.

*Interrogatories 37 through 41*  In these interrogatories, the defendant has asked for the plaintiffs' basis for claiming punitive damages in this case. The plaintiffs again claim they cannot answer until discovery is complete. The plaintiffs should answer the interrogatories to the extent they can at this time.

Wherefore, based upon the foregoing, the defendant's motion to compel is granted. The plaintiffs are directed to respond to the above interrogatories on or before December 5, 2008, and to supplement their responses as necessary.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

November 24, 2008

Greenville, South Carolina